UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA
_____

In re:                                                                                          Bankr. No. 17-30558

Ronald G. McMartin, Jr.,                                                              Chapter 7

        Debtor.
_____

David G. Velde, Trustee,                                                            Adv. No. 18-_____

        Plaintiff,

vs.

Scott Morrison, as Trustee of the
Morrison Family Trust,

        Defendant.
_____

## ADVERSARY COMPLAINT
_____

Plaintiff David G. Velde, Chapter 7 Trustee ("**Trustee**") of the bankruptcy estate of Ronald G. McMartin, Jr. ("**Debtor**") for his Complaint against Scott Morrison, as Trustee of the Morrison Family Trust ("**Defendant**"), states and alleges as follows:

### STATEMENT OF JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157(a) and 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (H).

2. This is an adversary proceeding under Fed. R. Bankr. P. 7001, which relates to the administration of the above-captioned bankruptcy case. The bankruptcy case is pending in this Court.

3. Venue properly lies in this judicial district as this is a proceeding related to a case under Title 11 of the United States Code pending before this Court.

{00695735.1 }

4. The Trustee consents to final orders or judgment of this Court.

## PARTIES

5. The Trustee is the duly appointed and qualified trustee of the bankruptcy estate of the Debtor.

6. Defendant is a landowner who leased farmland to McM, Inc. Defendant resides in Long Lake, Minnesota.

## FACTS

7. The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on September 11, 2017.

8. Prior to the commencement of the bankruptcy case, the Debtor had significant debt and legal issues dating back many years.

9. McM, Inc., of which Debtor was a principal, leased farmland from Defendant.

10. On or about February 2, 2017, Debtor paid the sum of $22,000.00 to Defendant on an obligation owed by McM, Inc. (the "**Transfer**").

11. Demand was made by letter dated February 8, 2018 upon Defendant who denied liability to the bankruptcy estate.

12. Debtor's bankruptcy filing lists approximately $1,476,393.74 in assets and $52,234,104.60 in liabilities. BMO Harris Bank, alone, possesses a claim in excess of $43 million dollars. Debtor was insolvent in 2016.

## COUNT I
## VOIDABLE TRANSFER – 11 U.S.C. §544

13. The Trustee re-alleges and incorporates the foregoing paragraphs of this Complaint.

14. At the time of the Transfer, creditors were in existence with substantial claims against the Debtor including, but not limited to, BMO Harris.

15. The Debtor was insolvent at the time of the Transfer.

16. The Debtor received less than a reasonably equivalent value in exchange for the Transfers.

17. At the time of the Transfer, Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction or the Debtor intended to incur, or believed or reasonably should have believed that the Debtor would incur, debts beyond his ability to pay as they became due.

18. Pursuant to 11 U.S.C. §544 and N.D.C.C. §13-02.1-04(1)(b), the Transfer is voidable.

19. Pursuant to 11 U.S.C. §550(a), the Trustee may recover the Transfer, and other to be discovered voidable transfers, from Defendant.

20. The Trustee is entitled to a judgment against Defendant in the amount of the Transfer per 11 U.S.C. §550.

## COUNT II
## VOIDABLE TRANSFER – 11 U.S.C. §548

21. The Trustee restates and re-alleges the foregoing paragraphs of this Complaint.

22. At the time of the Transfer, creditors were in existence with substantial claims against the Debtor including, but not limited to, BMO Harris.

23. The Debtor was insolvent at the time of the Transfer.

24. The Debtor received less than reasonably equivalent value for the Transfer.

{00695735.1}                                              3

25. Debtor intended to incur, or believed that he would incur, debts that would be beyond his ability to pay as such debts matured.

26. Pursuant to 11 U.S.C. §548(a)(1)(B), the Transfer is voidable.

27. Pursuant to 11 U.S.C. §550(a), the Trustee may recover the Transfer, and other to be discovered voidable transfers, from Defendant.

28. The Trustee is entitled to a judgment against Defendant in the amount of the Transfer per 11 U.S.C. §550.

**WHEREFORE**, Plaintiff David G. Velde, Trustee prays for judgment to be entered in his favor, and against Defendant, as follows:

1. Avoiding the Transfer of $22,000.00 made by Debtor to Defendant, together with all other to be discovered voidable transfers, and entering a judgment in favor of the Trustee in that amount;

2. Awarding judgment in favor of Plaintiff and against Defendant for the bankruptcy estate's taxable costs and disbursements; and

3. Awarding such other relief as the Court deems just and equitable.

**LEONARD, O'BRIEN,**
**SPENCER, GALE & SAYRE, LTD.**

Dated: March 27, 2018         By:   /e/ Matthew R. Burton
                                    Matthew R. Burton, #210018 (MN)
                                    *mburton@losgs.com*
                                    100 South Fifth Street, Suite 2500
                                    Minneapolis, Minnesota  55402-1216
                                    (612) 332-1030
                              Attorneys for Plaintiff David G. Velde, Trustee